**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| MARC A. SAGGESE, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:09-cv-01884-GMN-PAL |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CHASE HOME FINANCE, LLC et al., ) | |
| ) | |
| Defendants. ) | |

This case arises out of the foreclosure of Plaintiff's mortgage. Plaintiff alleges the lender unilaterally altered a short-sale price to which it had already agreed, resulting in the sale being cancelled. The Amended Complaint, filed in state court, lists several causes of action, most of which are pled against all Defendants in the case. Pending before the Court is Ed Kelly's, a.k.a. Mike Hart, and Professional Recovery Service, Inc.'s ("PRS") (collectively, "Defendants") Motion for Judgment on the Pleadings or for Summary Judgment (#38) and Plaintiff's Motion to Amend/Correct Complaint (#46). For the reasons given herein, the Court grants both motions in part and denies them both in part, as explained, *infra*.

Plaintiff Marc A. Saggese argues that Defendants interfered with short-sale negotiations in order to acquire the debt from the lender, and that Defendants are also liable for Intentional Infliction of Emotional Distress ("IIED") because of harassing calls that Ed Kelly, an employee

of PRS, made to Plaintiff.  The other claims concern the allegedly wrongful foreclosure.  Defendants have moved for judgment on the pleadings or for summary judgment.  Only two of the causes of action pled are plausible against Defendants: the seventh (for IIED) and the eighth (for Intentional Interference with Contractual Relations ("IICR")).  The verified Amended Complaint is sufficient to make out these two causes of action, and Defendants attach no evidence to the present motion negating any of their elements.  However, Defendants are not sufficiently alleged to have anything to do with the other causes of action.  Accordingly, judgment on the pleadings is granted as to Kelly and PRS on all causes of action except the seventh and the eighth, but judgment on the pleadings and summary judgment are denied to Kelly and PRS on the seventh and eighth causes of action.

Next, Plaintiff has moved for leave to amend. (*See* #46).  As Defendants note, the cutoff date to amend was in February 2010, but the present motion was filed in April 2010.  Plaintiff seeks to change Defendant "Mike Hart" to "Ed Kelly" because Plaintiff only recently discovered that "Mike Hart" was an alias for Kelly.  This constitutes good cause, and the Court grants leave to amend as to the change in name.  However, there is no good cause to add an additional cause of action under the Fair Debt Collection Practices Act ("FDCPA"), as Plaintiff also requests.  The facts supporting such a cause of action were known when the Complaint was filed.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Judgment on the Pleadings or for Summary Judgment (#38) is GRANTED in part and DENIED in part.  Judgment on the pleadings is granted to Kelly and PRS on all causes of action except those for IIED and IICR.  Judgment on the pleadings and summary judgment are denied to Kelly and PRS as to IIED and IICR.

1    IT IS FURTHER ORDERED that the Motion to Amend/Correct Complaint (#46) is
2    GRANTED in part and DENIED in part.  Plaintiff may amend to substitute Ed Kelly for "Mike
3    Hart," but he may not amend to include a claim under FDCPA.
4    DATED this 19th day of July, 2010.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE